UNITED STATES of America,
Appellee,

v.

Luis AGUDELO, Defendant–Appellant.

No. 05–6024–cr.

United States Court of Appeals,
Second Circuit.

May 22, 2007.

John A. Cirando, D.J. & J.A. Cirando, Esqs., Syracuse, NY, for Defendant–Appellant.

Joshua A. Goldberg, Assistant United States (Katherine Polk Failla, Assistant United States Attorney, on the brief), for Michael J. Garcia, United States Attorney, Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROSEMARY S. POOLER, Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Luis Agudelo appeals from a final order of the United States District Court for the Southern District of New York (Owen, *J.*) declining to resentence defendant and affirming his original sentence for heroin-related charges. On appeal, Agudelo contends that his sentence is unreasonable for three reasons: (1) the district court failed to consider the factors set forth in 18 U.S.C. § 3553(a); (2) in making its decision regarding resentencing, the district court relied on facts not found by a jury or admitted by the defendant; and (3) a sentence shorter than the one imposed by the district court would not undermine the goals of sentencing. Each of these claims is unavailing.

First, the record simply does not support defendant's contention that the district court did not consider the § 3553(a) factors. To the extent that Agudelo's argument is that his sentence is unreasonable because the district court failed (1) to say specifically during the hearing that it was considering the § 3553(a) factors, or (2) to mention each of the factors explicitly, that argument is precluded by circuit law. *See United States v. Banks,* 464 F.3d 184, 190 (2d Cir.2006).

Second, with respect to Agudelo's challenge to the district court's fact-finding in support of sentencing, we have repeatedly recognized that, even after *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), a sentencing judge can make findings relevant to sentencing and those findings need only satisfy the preponderance of the evidence standard. *See United States v. Florez,* 447 F.3d 145, 156 (2d Cir.2006); *United States v. Garcia,* 413 F.3d 201, 220 n. 15 (2d Cir.2005).

Agudelo asserts, however, that, even if the district court may properly find facts relevant to sentencing by a preponderance of the evidence, "there is no indication on this Record that any evidence was ever introduced to the District Court that would prove by a preponderance of the evidence that appellant must have been involved in prior large-sale cocaine transactions in order to be trusted with the instant heroin transaction." This claim also fails.

We review judicial fact-finding at sentencing for clear error. *Garcia,* 413 F.3d at 221. We have recognized that "deferential clear error review of a district court's factual findings does not entitle us to second guess a district court's choice between permissible inferences to be drawn from the evidence." *Krizek v. CIGNA Group Ins.,* 345 F.3d 91, 100 (2d Cir.2003). During Agudelo's trial, one of Agudelo's co-defendants, Luis Posada, testified that he and Agudelo participated in three separate transactions involving significant amounts of cocaine. In light of this testimony and other facts adduced at trial relating to Agudelo's involvement in the heroin deal, it cannot be said that the district court's findings that "[t]here is a prior history of drug dealing, of substantial amounts" and that "without that kind of track record out there ... [Agudelo] would not have been

trusted to be involved in this transaction at all" are impermissible inferences.

 Third, Agudelo seems to assert that his sentence is substantively unreasonable because of its length. There is nothing in the record that suggests that his sentence, which was at the lowest end of the applicable United States Sentencing Guidelines range, was not reasonable under the circumstances presented. *See* *United States v. Sung Soo Park*, 461 F.3d 245, 250 (2d Cir.2006).

The judgment of the district court is therefore **AFFIRMED.**